IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JEVONTE LYONS**<br>*Plaintiff,*<br><br>**NATHAN CORWIN, MAKAYLA THARPE, KYLE FERREE, WILLIAM PULLIAS, ANTHONY WIGGINS**<br>*Defendants.* | **Case No.**<br><br>**JURY DEMANDED** |

# COMPLAINT

Comes now the Plaintiff, JEVONTE LYONS, by undersigned counsel and for his complaint against the Defendants states the following:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by the Constitution of the United States of America.

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights secured to Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

3. Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in

actions brought under 42 U.S.C. § 1983.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

**Parties**

5. Plaintiff Jevonte Lyons is an adult resident of Rutherford County, Tennessee, and a Specialist in the United States Army.

6. Defendant Nathan Corwin is and was at all times relevant to this Complaint a police Sergeant for the Murfreesboro Police Department. He is sued in his individual capacity

7. Defendant Makayla Tharpe is and was at all times relevant to this Complaint a Police Officer for the Murfreesboro Police Department. She is sued in his individual capacity.

8. Defendant Kyle Ferree is and was at all times relevant to this Complaint a Police Officer for the Murfreesboro Police Department. He is sued in his individual capacity.

9. Defendant William Pullias is and was at all times relevant to this Complaint a Detective for the Murfreesboro Police Department. He is sued in his individual capacity.

10. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

11. At all times relevant to this Complaint, all defendants acted under color of state law.

**Factual Allegations**

12. On April 17, 2023, at 12:38 A.M. Galaxy Vape Store on 3114 S Church St C, Murfreesboro, TN 37127 was burglarized.

13. Galaxy Vape Store is across the street from Planet Fitness, a gym located at 3060 S. Church Street, Murfreesboro, TN 37127.

14. The suspect from the surveillance video is clearly a male of a lighter complexion.

15. The suspect from the surveillance video was described as a male, skinny build, 5'8 to 5'9.



16. Plaintiff Lyons physical stature, characteristics, and complexion are significantly different from the suspect depicted in the surveillance video.



17. On April 17, 2023, at or around 1:00 A.M. in the morning, Plaintiff Lyons was in his car in front of Planet Fitness, eating a sandwich and preparing for a workout.

18. At 1:40 AM Officer Vaught makes contact with Plaintiff Lyons.

19. Officer Vaught explains to Plaintiff Lyons that he is stopping him to inquire about a burglary that occurred at Galaxy Vape.

20. Officer Vaught asks Plaintiff Lyons, "…What are you doing hanging out here?"

21. Plaintiff Lyons explains that he has just arrived and is eating before going into Planet fitness for a workout, and that the police were already at Planet Fitness when he got there.

22. At 1:42 AM, Officer Vaught instructs Plaintiff Lyons to get out of his vehicle.

23. Plaintiff Lyons is immediately handcuffed by Defendant Ferree.

24. Both Officer Wiggins and Officer Ferree agreed that Mr. Lyons was larger than the suspect seen in the video.

25. Defendant Pullias was a direct supervisor over Defendants Ferree, Tharpe, and Corwin at the time of the incident.

26. Detective Pullias determined the suspect in the video was a white male, but despite this determination, he did not instruct his subordinate officers to release Lyons.

27. Plaintiff Lyons was neither a flight risk nor a threat to the Officers' safety.

28. Multiple times, Defendant Ferree and Officer Vaught informed Plaintiff Lyons that he is just being detained and is not under arrest.

29. Multiple times, Plaintiff Lyons asks, "What am I being detained for?"

30. Officer Tharpe then escorts him away from his vehicle to a nearby Murfreesboro PD vehicle.

31. Prior to even asking for consent to search Plaintiff Lyons' vehicle, Officer Wiggins searched the front passenger side of the vehicle to get a better look at a hoodie.

32. Defendant Wiggins, and Defendant Ferree initially both agree that the hoodie is the hoodie that they saw in the surveillance video from Galaxy Vape.

33. However, they also both agree that Plaintiff Lyons is "way too big" to be the suspect from the surveillance video.

34. Approximately eight (8) minutes later Defendant Ferree explains that the reason he was being detained is because there was a hoodie in his vehicle that resembled the hoodie in the surveillance video from Galaxy Vape Shop.

35. Officer Ferree, states that the hoodie is "exactly what the suspect was wearing."

36. At 1:49 A.M., Officer Ferree finally asks Plaintiff Lyons may he search his

vehicle. At this time, Plaintiff Lyons was handcuffed and surrounded by a K-9 and Officers from both Rutherford County Sheriff's Office and Murfreesboro Police Department.

37. Plaintiff Lyons consented to the search under duress and while being unlawfully seized.

38. Defendants Wiggins, Corwin, and Ferree jointly search Plaintiff Lyons vehicle.

39. As soon as Defendant Ferree removed the hoodie from Plaintiff Lyons vehicle he says, "I don't know."

40. Defendant Wiggins and Defendant Ferree both agree that Lyons' hoodie is not the hoodie from the surveillance video.

41. Defendant Wiggins, Defendant Ferree, and an Unknown Officer go back and forth on whether or not it is the same hoodie.

42. As the Murfreesboro Police Department searched Plaintiff's Lyons vehicle, the conditions inside the vehicle demonstrate to the officers that it the possibility of Lyons being a getaway driver was implausible.

43. The physical volume of items and trash inside Plaintiff Lyons Vehicle would make it impossible for anyone to ride as a passenger.

44. The search of Mr. Lyon's vehicle yielded no evidence of the burglary.

45. At 1:53 A.M. Defendant Ferree approaches Defendant Corwin, mutes his bodycam, and appears to have a conversation with him regarding Plaintiff Lyons and his alleged connection to the Galaxy Vape Store burglary.

46. Defendant Ferree continues the entire investigation with his bodycam muted.

47. After finding a McDonald's receipt that was time stamped 12:50 A.M.,

Defendant Ferree tells Officer Wiggins that he doesn't think Plaintiff Lyons is involved.

48. Defendant Pullias ordered Officer Ferree to transport Plaintiff Lyons from Planet Fitness to the Police Department for questioning.

49. Defendant Ferree then instructed Defendant Tharpe to transport Plaintiff Lyons to the police department.

50. At 2:14 A.M. prior to transporting Plaintiff Lyons, Defendant Tharpe searches Plaintiff Lyons person without valid consent.

51. At 2:15 A.M Plaintiff Lyons while handcuffed is taken to the Murfreesboro Police Department.

52. On May 2, 2023, Lieutenant Snyder interviewed Defendant Ferree regarding the arrest of Plaintiff Lyons.

53. During the interview of Defendant Ferree, Defendant Ferree stated, "As soon as I saw him, I knew he wasn't the burglary suspect."

54. Defendant Ferree also states that he thought that Plaintiff Lyons picked up the burglary suspect.

55. During the interview of Defendant Ferree, Ferree states that when told by a detective he takes individuals that have been detained to police department.

56. Defendant Ferree did not know the difference between an arrest or a detention.

57. On May 11, 2023, Lieutenant Snyder interviewed Defendant Tharpe.

58. During her interview, Defendant Tharpe says that it is common that individuals who are only temporarily detained for questioning are handcuffed.

59. Lieutenant Snyder says that Lyons was "effectively arrested."

60. Defendant Tharpe is unsure when she can handcuff someone and/or transport them to the police statement without their consent.

61. Lieutenant Snyder states that Plaintiff Lyons did not come across as a danger or flight risk.

62. Defendant Tharpe states that she has seen other transported to the police department just for questioning.

63. Handcuffing, arresting, and taking a person to the police department for questioning without consent, probable cause, or a warrant is objectively unreasonable.

**COUNT I: VIOLATION OF 4TH AMENDMENT RIGHTS TO BE FREE FROM UNLAWFUL SEARCHES
Defendants Ferree, Wiggins, and Corwin
(42 U.S.C 1983)**

64. When Defendant Ferree, Wiggins, and Corwin searched plaintiff's car without probable cause or valid consent, they did so in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.

**COUNT II: VIOLATION OF 4TH AMENDMENT RIGHTS TO BE FREE FROM UNLAWFUL SEARCHES
Defendants Tharpe
(42 U.S.C 1983)**

65. When Defendant Tharpe searched Plaintiff prior to transporting him to the Murfreesboro Police Department, she did so without probable cause to arrest Plaintiff, and without his consent. Therefore, the search of Plaintiff Lyons person violated the Fourth Amendment's prohibition against unreasonable searches.

# COUNT III: VIOLATION OF 4TH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL SEIZURES
## Defendants Ferree, Tharpe, Corwin, Wiggins, Pullias
### (42 U.S.C 1983)

66. When Defendant Ferree, Tharpe, Corwin, Wiggins, and Pullias jointly and in coordination with one another arrested, handcuffed, and transported Plaintiff Lyons, they did so without probable cause that Plaintiff had committed a crime and without valid consent. Therefore, the arrest violated the Fourth Amendment's prohibition against unreasonable seizures, and unlawful arrest. Additionally, Pullias is liable as a direct supervisor who both failed to intervene and also directed the actions he knew or should have known would result in the violation of Plaintiff Lyons' Fourth Amendment rights.

## DAMAGES

67. As a direct and proximate result of the Defendants' violations of his federally protected rights, Plaintiff has suffered:

   a) Deprivation of constitutionally protected right;
   b) Humiliation;
   c) Emotional and Mental Distress;
   d) Attorney's Fees.

## REQUEST FOR RELIEF

Based upon all of the foregoing, Plaintiff Lyons requests:

**I.** Process be issued and that each Defendants be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That a Declaratory Judgment be entered;

IV. That Plaintiff Lyons be awarded nominal damages;

V. That Plaintiff Lyons be awarded compensatory damages in the amount of one hundred and fifty thousand dollars ($150,000);

VI. That Plaintiff Lyons be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988;

VII. For pre- and post-judgment interest on all damages awarded;

VIII. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*s/Paul D Randolph*
Wesley Ben Clark, #32611
Paul D Randolph #39667
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
wesley@brazilclark.com
paul@brazilclark.com